IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY RAY BURKS, | ) |
|        Petitioner, | ) |
| v. | ) Case No. 15-CV-412-GKF-JFJ |
| DWAYNE JANIS, Warden,[1] | ) |
|        Respondent. | ) |

## OPINION AND ORDER

Before the Court is Billy Ray Burks' 28 U.S.C. § 2254 habeas corpus petition. He challenges his state conviction and sentence entered in Delaware County District Court Case No. CF-2013-144. Dkt. 1 at 1. For the reasons discussed below, the petition is denied.

**I. Background**

This case arises from a failed robbery attempt involving Burks and a co-conspirator. According to the victim, he offered Burks and another man a ride while they were hitchhiking near Jay, Oklahoma. *See* Dkt. 10-1 at 4. Burks then assaulted the victim and tried to steal his vehicle. *Id.* at 9-13. The victim fought back and started honking his horn, and the men fled. *Id.* at 12. Police arrested Burks near the Cherokee Turnpike on April 9, 2013. *See* Dkt. 10-5 at 8. The State charged him with attempted robbery in the first degree after conviction of two or more felonies in violation of OKLA. STAT. tit. 21, §§ 42 and 798. *Id.* at 4, 6.

The State appointed attorney Kathy Baker to represent Burks. *See* Dkt. 10-5 at 25. On October 17, 2013, Burks entered a blind guilty plea.[2] *See* Dkt. 9-2. The plea worksheet, signed

---

[1] Petitioner is incarcerated at Oklahoma State Reformatory (OSR) in Granite, Oklahoma. Dkt. 1 at 1. Dwayne Janis, the warden of OSR, is therefore substituted in place of Tracy McCollum as party respondent. *See* Habeas Corpus Rule 2(a). The Clerk of Court shall note the substitution on the record.

[2] A "blind" plea "is a plea in which there is no binding agreement on sentencing, and punishment is left to the judge's discretion." *Medlock v. State*, 887 P.2d 1333, 1337 n.2 (Okla. Crim. App. 1994).

by Burks and Baker, reflects a range of punishment of 20 years to life imprisonment. *See* Dkt. 9-3 at 6, 9. During the plea colloquy, Burks admitted guilt and indicated he reviewed the plea worksheet with counsel. *See* Dkt. 10-2 at 3-5. Burks also admitted he served prison time for two other felony convictions within the preceding ten years, including concealing stolen property and grand larceny. *Id.* at 6. The state court accepted the plea as knowing and voluntary and set the matter for sentencing. *Id.* at 7.

Burks, represented by Baker, appeared for sentencing on December 18, 2018. *See* Dkt. 10-3. After hearing argument from the attorneys and a statement by Burks, the state court sentenced him to life imprisonment. *See* Dkt. 10-5 at 81. Burks then filed a handwritten letter to withdraw his guilty plea, alleging Baker promised a lower sentence. *See* Dkt. 9-3 at 15-16. Four days later, Burks filed a formal motion to withdraw the plea. *Id.* at 17. He alleged he was unaware of the consequences of the plea and that Baker rendered ineffective assistance. *Id.* Baker notarized the motion, although he filed it *pro se*. *Id.*

The State appointed conflict counsel, Ken Gallon, to represent Burks in the withdrawal proceedings. *See* Dkts. 9-4 at 3 at 10-5 at 78. Gallon adopted the *pro se* filings, appeared at the January 15, 2014 motion hearing, and elicited testimony about why the plea should be withdrawn. *See* Dkt. 10-4 at 4-10. The state court denied the motion. *Id.* at 30.

Burks appealed the decision with the assistance of new counsel, Thomas Purcell. *See* Dkt. 9-1 at 1. Burks argued: (1) the plea was not intelligent or voluntary because Baker advised him the minimum penalty was 20 years imprisonment, when it was actually four years ("Ground 1"); and (2) he lacked effective assistance of counsel while preparing his motion to withdraw the plea ("Ground 2"). *Id.* at 2. By an Order entered August 22, 2014, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. *See* Dkt. 9-2.

Burks filed the instant federal habeas petition on July 24, 2015. *See* Dkt. 1. He seeks relief based on the same grounds he raised on appeal. *Id.* at 2. The Oklahoma Attorney General filed an opposition response, which includes the state court record. *See* Dkts. 9 and 10. The Attorney General concedes, and the Court finds, the petition is timely and Burks exhausted his claims by presenting them to the OCCA, as required by 28 U.S.C. §§ 2244(d)(1) and (b)(1)(A). *See* Dkt. 9 at 2. The Attorney General argues, however, Ground 1 is procedurally barred and that both grounds fail on the merits. *See* Dkt. 9 at 3, 15.

## II. Analysis

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this Court's review of Burks' habeas claims. *See* 28 U.S.C. § 2254. Relief is only available under the AEDPA where the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Before addressing the merits of [the] claim, [the petitioner] must show that he can satisfy [certain] procedural requirements." *U.S. v. Greer,* 881 F.3d 1241, 1245 (10th Cir. 2018). Those requirements generally include timeliness, exhaustion, and - at issue here - the absence of a procedural bar.[3] *See* 28 U.S.C. §§ 2244(d)(1) and (b)(1)(A); *Fairchild v. Workman,* 579 F.3d 1134, 1141 (10th Cir. 2009). If the procedural requirements are satisfied or excused, the petitioner must then show the OCCA's adjudication of the claim: (1) "resulted in a decision that was contrary to ... clearly established Federal law as determined by Supreme Court

---

[3] It is unclear whether the procedural bar doctrine is an extension of AEDPA's exhaustion requirement or whether it derives from common law. *Compare Davila v. Davis,* 137 S. Ct. 2058, 2064 (2017) (noting procedural bar is "an important corollary to the exhaustion requirement"); *Livingston v. Kansas,* 407 Fed. App'x 267, 271 (10th Cir. Nov. 2, 2010) (unpublished) (addressing procedural bar and noting: "Under AEDPA, we may not consider claims which are defaulted in state court …."), with *Wilson v. Sellers,* 138 S. Ct. 1188, 1202 (2018) (Gorsuch, J. dissenting) ("AEDPA did not change the application of pre-AEDPA procedural default principles") (quotations omitted). In any event, procedural bar is an issue here because the Attorney General raised the defense.

3

of the United States," 28 U.S.C. § 2254(d)(1);[4] (2) "resulted in a decision that ... involved an unreasonable application of, clearly established Federal law," *id.*; or (3) "resulted in a decision that was based on an unreasonable determination of the facts" in light of the record presented to the state court, *id.* § at 2254(d)(2).

"To determine whether a particular decision is 'contrary to' then-established law, a federal court must consider whether the decision 'applies a rule that contradicts [such] law' and how the decision 'confronts [the] set of facts' that were before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-6 (2006)). When the state court's decision "'identifies the correct governing legal principle' in existence at the time, a federal court must assess whether the decision 'unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 562 U.S. at 413). Significantly, an "unreasonable application of" clearly established federal law under § 2254(d)(1) "must be 'objectively unreasonable,' not merely wrong." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003)). "[E]ven clear error will not suffice." *Id.* Likewise, under § 2254(d)(2), "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010). The Court must presume the correctness of the OCCA's factual findings unless Petitioner rebuts that presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

---

[4] As used in § 2254(d)(1), the phrase "clearly established Federal law" means "the governing legal principle or principles" stated in "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)); *see also House v. Hatch*, 527 F.3d 1010, 1015 (10th Cir. 2008) (explaining that "Supreme Court holdings-the exclusive touchstone for clearly established federal law-must be construed narrowly and consist only of something akin to on-point holdings").

4

Essentially, the standards set forth in § 2254 are designed to be "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102 (2011), and require federal habeas courts to give state-court decisions the "benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). A state prisoner ultimately "must show that the state court's ruling … was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 562 U.S. at 103.

## I. Ground 1: Guilty Plea

Burks first contends his plea was not voluntary or intelligent because his original counsel, Baker, misrepresented the minimum penalty for attempted robbery. Dkt. 1 at 2. The Attorney General asserts the claim is procedurally barred because Burks failed to raise it during the withdrawal proceedings. *See* Dkt. at 3. Alternatively, the Attorney General contends the claim fails on the merits. *Id.* at 10.

*1. Procedural Bar*

Generally, "a federal court may not review federal claims that were procedurally defaulted in state court--that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A state procedural rule "is independent if it is separate and distinct from federal law" and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). The State bears the burden of demonstrating each element. *See Hooks v. Ward*, 184 F.3d 1206, 1216 (10th Cir. 1999). Even if the elements are met, a petitioner can overcome a procedural default by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or … that failure to consider the claim[ ] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

At the outset of its opinion, the OCCA ostensibly declined to review Burks' claim "that he was not properly advised of the minimum punishment he faced." Dkt. 9-2 at 2. Relying on *Frederick v. State,* 811 P.2d 601, 603 (Okla. Crim. App. 1991), the OCCA noted that the scope of certiorari review is "limited to two inquiries: (1) whether the guilty plea was made knowingly and voluntarily; and (2) whether the district court accepting the guilty plea had jurisdiction to accept the plea." Dkt. 9-2 at 2. The OCCA also cited Rules 4.2(b) and 4.3(C)(5) to conclude Burks waived the minimum penalty claim because he failed to raise it in his motion to withdraw the plea. *Id.*

Nevertheless, after concluding the plea was knowing and voluntary, the OCCA went on to hold "the record shows [Burks] was properly informed and understood … the range of punishment." *Id.* at 3. This holding appears to resolve the minimum penalty claim. Given the ambiguity in the OCCA's ruling, and because doing so does not change the result, the Court will reach of the merits of Ground 1 instead of denying it on procedural grounds. *See Revilla v. Gibson,* 283 F.3d 1203, 1211 (10th Cir. 2002) (noting that "where the claim may be disposed of in a straightforward fashion on substantive grounds," courts have discretion to "bypass the procedural bar and reject the claim on the merits") (citations omitted).

   2. *Understanding the Plea and Minimum Penalties*

Due process requires that a guilty plea be "voluntary and knowing." *Boykin v. Alabama*, 395 U.S. 238, 243 n. 5 (1969). "[T]he longstanding test for determining the validity of a guilty plea ... is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Tovar Mendoza v. Hatch*, 620 F.3d 1261, 1269 (10th Cir. 2010) (quotations omitted). "A guilty plea … can be challenged … if it develops that the defendant was not fairly apprised of its consequences." *Id.* (quoting *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)).

Baker represented the minimum penalty for attempted first degree robbery after two or more felonies was 20 years imprisonment. Burks contends the minimum penalty is actually four years. Construed liberally, the petition suggests he would have gone to trial, had he known about the possibility of a four-year sentence. After reviewing the record and relevant law, the Court concludes Baker's advice was correct.

For a first-time offender, the minimum penalty for first degree robbery is 10 years imprisonment. OKLA. STAT. tit. 21, § 798. The penalty for attempt is a "term not exceeding one-half (1/2) the longest term of imprisonment prescribed" for the completed robbery offense. OKLA. STAT. tit. 21, § 42(1). Burks was not a first time offender, however. He had recently served time for two prior felonies. *See* Dkt. 10-2 at 6. The sentencing range for his crime was therefore governed by the habitual offender statute, which provides:

> Every person who, having been twice convicted of felony offenses, commits a subsequent felony offense which is an offense enumerated in Section 571 of Title 57 of the Oklahoma Statutes, within ten (10) years of the date following the completion of the execution of the sentence, … is punishable by imprisonment … for a term in the range of *twenty (20) years to life imprisonment*.

OKLA. STAT. tit. 21, § 51.1(B) (emphasis added). The enumerated offenses include "robbery in the first degree" and "any attempts to commit" that crime. OKLA. STAT. tit. 57, § 571(2)(r). Consequently, Baker correctly advised Burks that the minimum penalty was 20 years imprisonment, and the Court will deny relief on Ground 1.[5]

---

[5] The petition contains no counterargument or explanation about how Burks arrived at the four-year figure. However, the record reflects that on appeal, Burks argued the state court should have applied subsection (C) of the habitual offender statute - which carries a four-year minimum - rather than subsection (B), cited above. *See* Dkt. 1 at 21. The Court notes that even if the petition raised this argument, it would not justify habeas relief. Subsection (B) governs all "violent crimes" and explicitly includes robbery and "any attempts to commit or conspiracy or solicitation to commit" robbery. OKLA. STAT. tit. 21, § 51.1(B); OKLA. STAT. tit. 57, § 571(2)(r). Subsection (C), which appears in the following paragraph, uses general language and is clearly intended to apply to all other felonies. *See* OKLA. STAT. tit. 21, § 51.1(C) (referring generally to "[e]very person who, having been twice convicted of felony offenses …"). *See also Pradia v. State,* Case No. F-2010-1219, p. 3 (Okla. Crim. App. Oct. 12, 2001) (unpublished) (holding "the trial court properly calculated the punishment range for Attempted Second Degree [Robbery], After

## II. Ground 2: Ineffective Assistance of Counsel

Burks also contends Gallon provided ineffective assistance during the withdrawal proceedings. *See* Dkt. 1 at 2. Specifically, Burks argues he lacked counsel while drafting the motion to withdraw the plea. *See* Dkt. 1 at 7. Construed liberally, the petition also appears to suggest Gallon's hearing performance was deficient. *See* Dkt. 1 at 2, 26-27.

The Sixth Amendment guarantees criminal defendants the right to the effective assistance of counsel. U.S. Const. amend VI. To establish a deprivation of this right, a petitioner must demonstrate: (1) counsel's performance was deficient and (2) such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Under this test, the petitioner must show both that his 'counsel committed serious errors in light of 'prevailing professional norms' and that there is a 'reasonable probability' that the outcome would have been different had those errors not occurred." *United States v. Haddock*, 12 F.3d 950, 955 (10th Cir. 1993) (quoting *Strickland*, 466 U.S. at 688, 694). Standing alone, the test is "highly deferential." *Strickland*, 466 U.S. at 689. Coupled with § 2254(d)(1), this Court's review of the OCCA's ruling is "doubly deferential." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009). "[W]hen assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, [this Court] defer[s] to the state court's determination that counsel's performance was not deficient and, further, … to the attorney's decision in how to best represent a client." Byrd v. Workman, 645 F.3d 1159, 1168 (10th Cir. 2011).

Viewing the OCCA's decision with double deference, the Court finds Burks is not entitled to habeas relief. The record reflects that while Gallon did not draft the motion to withdraw, he

---

Conviction of Two or More Felonies, at 20 years to life imprisonment.").

"thoroughly addressed" the potential grounds for relief at the motion hearing. *See* Dkt. 9-2 at 4. Gallon elicited testimony that:

- The District Attorney offered Burks a plea agreement featuring a 30-year sentence; Dkt. 10-4 at 6.

- Baker advised Burks to reject the plea agreement and assured him the judge would impose a lower sentence following a blind guilty plea; *Id.*

- Baker coerced Burks to plead guilty by asserting a jury would surely recommend a life sentence and lying about the prospect of his co-defendant testifying at trial; *Id.* at 7-9.

- Baker did not want to defend Burks during a trial. *Id.* at 8.

Gallon also questioned Baker about whether she was willing to try the case. *Id.* at 24.

Finally, even if Gallon should have amended the *pro se* motion or further investigated Baker's performance, the alleged mistakes did not change the outcome of the withdrawal proceedings. The OCCA found, and the Court agrees, that Burks "received the maximum sentence based on his own criminal conduct and criminal history, not because of [plea] counsel's conduct." *Id.* at 4. The record reflects the trial court was particularly offended by Burks' actions. At the conclusion of the withdrawal hearing, the judge stated:

> [Burks] was given a ride by somebody because he was hitchhiking, and instead of being thankful for the ride, he tried to steal the car. Now, that … evidences to me basically a depraved mind, if ever there was one.

Dkt. 10-4 at 29. The state trial court also indicated it imposed the life sentence based on the presentence investigation report ("PSI"):

> Mr. Burks, sixteen years that I've been sitting up here, … and I do believe in that period of time, that yours has got to be either the worst PSI report I have ever seen or at least in the top five that I have ever received. And basically, Mr. Burks, it appears to me from reading that PSI, that you've been in trouble for a long time and you're not going to change. … [I]t isn't a question as I believe I said at sentencing of rehabilitating you. It's simply a question of can we protect society from you. And so in essence that's the reason

> why I gave you the maximum sentence…. I'm convinced you're a criminal. Just completely a criminal. And because you've chosen that lifestyle, that's the reason why I gave you the sentence I gave you.

Dkt. 10-4 at 29-30.

On this record, the OCCA's ruling that Burks received effective assistance during the withdrawal proceedings does not constitute an "extreme malfunction" in the justice system. *Harrington v. Richter*, 562 U.S. 86, 102 (2011) (quotations omitted). Accordingly, the Court denies habeas relief on Ground 2.

## III. Certificate of Appealability

Habeas Corpus Rule 11 requires "[t]he district court [to] … issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may only issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court rejects the merits of the constitutional claims, the petitioner must demonstrate "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons above, the Court finds reasonable jurists would not debate that Baker correctly apprised Burks of the plea consequences. It is also beyond debate that, under the double-deference standard, Gallon rendered effective assistance during the withdrawal proceedings. The Court therefore denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The Clerk of Court shall note the substitution of Dwayne Janis, Warden, in place of Tracy McCollum, Warden, as party respondent.

2. The petition for a writ of habeas corpus (Dkt 1) is **denied**.

3. A certificate of appealability is **denied**.

4. A separate Judgment will be entered disposing of the case.

**ENTERED** this 5th day of June, 2018.

*Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE